**UNITED STATES of America, Plaintiff**

**v.**

**Maria MARQUEZ, Sarah Supernaw, Smileen Matos, Isaac Torres, and John Harley, Defendants.**

**Criminal Action No. 08–30019–MAP.**

United States District Court, D. Massachusetts.

March 17, 2009.

---

Alex J. Grant, United States Attorney's Office, Springfield, MA, for Plaintiff.

Linda J. Thompson, Thompson & Thompson, Springfield, MA, for Defendant.

*MEMORANDUM AND ORDER WITH REGARD TO MOTION FOR AN ORDER OF EXCLUDABLE DELAY (Document No. 87)*

NEIMAN, United States Magistrate Judge.

Presently before the court is the Government's motion for an order of excludable delay under a portion of the Speedy Trial Act ("the Act"), 18 U.S.C. § 3161(h), from December 17, 2008, the date of the final status conference, until January 12, 2009, the scheduled date of the pretrial conference. For the reasons that follow, the Government's motion will be allowed.

## I. BACKGROUND

In the interest of brevity, the court proceeds directly to the procedural background relevant here. On December 15, 2008, in their joint final status conference memorandum, counsel for the Government and counsel for all defendants but one, Defendant Marquez, asked for the requested exclusion, maintaining that it would serve the "ends of justice" within the meaning of 18 U.S.C. § 3161(h)(8)(A). This short span of time, these parties indicated, was to be used by the defendants to examine the evidence further and to determine whether to proceed to trial or enter a guilty plea. Counsel for two of the defendants, for example, indicated that their clients had various levels of uncertainty about whether to enter a guilty plea. Counsel for two other defendants also indicated that the matter has been or will be under active consideration and that the process of considering possible defenses and weighing their options would take some time. For her part, counsel for Defendant Marquez indicated that a guilty plea was likely but that she was not ready to set a change of plea date.

Counsel for Defendant Marquez, however, indicated that she did not join in the exclusion request because of her view that Speedy Trial Act exclusions could not be done prospectively. Given Defendant Marquez's position, the Government filed the instant motion.

## II. DISCUSSION

Defendant Marquez's position is based on a statement in *Zedner v. United States*,

547 U.S. 489, 503, 126 S.Ct. 1976, 164 L.Ed.2d 749 (2006), that "a defendant may not prospectively waive the application of the Act." In reaching this conclusion, the Court said the following:

It is significant that § 3162(a)(2) makes no mention of prospective waivers, and there is no reason to think that Congress wanted to treat prospective and retrospective waivers similarly. Allowing prospective waivers would seriously undermine the Act because there are many cases—like the case at hand—in which the prosecution, the defense, and the court would all be happy to opt out of the Act, to the detriment of the public interest. The sort of retrospective waiver allowed by § 3162(a)(2) does not pose a comparable danger because the prosecution and the court cannot know until the trial actually starts or the guilty plea is actually entered whether the defendant will forgo moving to dismiss. As a consequence, the prosecution and the court retain a strong incentive to make sure that the trial begins on time.

*Id.* at 502, 126 S.Ct. 1976.

Reading the Supreme Court's language broadly, Defendant Marquez believes that the only waiver available to a defendant is her failure to move for dismissal before trial commences or before a guilty plea is entered. Thus, even when a defendant agrees to waive or exclude time, Defendant Marquez asserts, she is not estopped from challenging the excludability of a continuance under the Act. Specifically, Defendant Marquez quotes the following additional language from *Zedner*:

[W]e are unwilling to recognize an estoppel based on petitioner's promise not to move for dismissal because doing so would entirely swallow the Act's no-waiver policy. We see little difference between granting a defendant's request for a continuance in exchange for a promise not to move for dismissal and permitting a prospective waiver, and as we hold above, prospective waivers are inconsistent with the Act.

*Id.* at 505, 126 S.Ct. 1976. That said, Defendant Marquez states, somewhat curiously, that she "otherwise stands mute regarding the merits of the government's Motion."

■■■ In the court's view, Defendant Marquez's argument wrongfully equates "waiver" of the Act with the "exclusion" of time within its provisions. Defendant Marquez's argument to the contrary, *Zedner* makes clear that there is a difference between opting out of the Act through a blanket prospective waiver, which a district court cannot do because of the public's interest in a speedy trial, and excluding time by observing the procedural requirements of the Act. As the Government points out, *Zedner* and the plain language of the Act, as well as other case law, permits time to be excluded prospectively. In contrast, Defendant Marquez's approach—having a court only look backward when deciding whether to exclude time under the "ends of justice" exception—would invite mischief, if not error, at every turn.

First, it should be understood that *Zedner* dealt with a very different issue than the one presented here. There, the defendant, utilizing a prepared form devised by the district court, agreed midway through the litigation to "waive" his rights under the Act "for all time." *Id.*, 547 U.S. at 493–94, 126 S.Ct. 1976. The district court did not make any findings, either then or later, supporting the exclusion of time under the "ends of justice"—or, for that matter, any other exception. *Id.* at 494–95, 126 S.Ct. 1976. Years later, however, the defendant sought to dismiss the case against him, claiming a violation of the Act, a bid rejected by the district court. *See*

*id.* at 496, 126 S.Ct. 1976. The Court of Appeals for the Second Circuit, finding that the defendant had caused and/or contributed to the delay, affirmed the district court's ruling. *United States v. Zedner,* 401 F.3d 36, 43–44 (2d Cir.2005). The Supreme Court reversed, holding, as indicated "that a defendant may not prospectively waive the application of the Act." *Zedner,* 547 U.S. at 500, 126 S.Ct. 1976. Here, however, neither the Government nor any of the other Defendants seeks the sort of waiver granted, wrongfully, by the district court in *Zedner.*[1]

Second, the Supreme Court rejected the Government's invitation to remand the case to the district court to make retrospective findings on whether an ends of justice continuance was justified when the purported "waiver" was entered. *See id.* at 506–07, 126 S.Ct. 1976. The Court explained that, while it was "ambiguous" when individualized findings for a continuance must be placed on the record, it had to occur by the time the court ruled on the defendant's motion to dismiss. *See id.* at 507, 126 S.Ct. 1976. "The best practice," the Court stated, "is for a district court to put its findings on the record at or near the time when it grants the continuance." *Id.* at 507 n. 7, 126 S.Ct. 1976. *See also United States v. Rodriguez,* 457 F.3d 109, 116 (1st Cir.2006) (applying *Zedner*). That best practice is being followed in the instant case.

Third, given the requirements of the Act as spelled out by the Supreme Court, Defendant Marquez's position—which boils down to a scheme of retrospective "continuances" only—is untenable. As the Government asserts, the very notion of a "continuance" is forward-looking. *See* BLACKS LAW DICTIONARY (6th ed. 1990), at 321 (defining "continuance" as "[t]he adjournment or postponement of a session, hearing, trial, or other proceeding to a subsequent day or time"). By its very nature, the decision to continue cannot take place at the subsequent date because the "continuance" would have already occurred.

■ Fourth, as the Government asserts, the "ends of justice" exception to the Act is replete with forward-looking language. One need only look at the statutory factors to be considered to agree with this assertion:

- "Whether the failure to grant such a continuance ... would be likely to make such a continuation of such proceeding impossible." 18 U.S.C. § 3161(h)(8)(B)(i);

- "Whether the case is so unusual or so complex ... that is unreasonable to expect adequate preparation for pretrial proceedings ... within the time limits." 18 U.S.C. § 3161(h)(8)(B)(ii);

- "Whether ... delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified...." 18 U.S.C. § 3161(h)(8)(B)(iii); and

- "Whether the failure to grant such a continuance ... would deny the defendant reasonable time to obtain counsel, ... or would deny ... reasonable time necessary for effective preparation...." 18 U.S.C. § 3161(h)(8)(B)(iv).

---

1. Of course, as Defendant Marquez notes, retrospective waivers are allowed insofar as 18 U.S.C. § 3162(a)(2) provides that, unless the defendant moves for dismissal before the entry of a guilty plea or before trial, such failure "'shall constitute a waiver of the right of dismissal.'" *Id.* at 502, 126 S.Ct. 1976 (quoting section 3162(a)(2)). This "waiver," however, is clearly distinct from "exclusions" permitted by the Act.

As is evident, these factors all encompass at least some prediction about events yet to occur. Thus, the statute, by its very language, contemplates prospective continuances, not retrospective ratifications of continuances already granted. *See also United States v. Suarez–Perez*, 484 F.3d 537, 542 (8th Cir.2007) ("Speedy Trial Act does not provide for retroactive continuances.") (citing *United States v. Janik*, 723 F.2d 537, 545 (7th Cir.1983)); *United States v. Apperson*, 441 F.3d 1162, 1180 (10th Cir.2006) ("Congress intended that the decision to grant an ends of justice continuance be prospective, not retroactive.")

In the end, as the Supreme Court explains in *Zedner*, the Act, specifically 18 U.S.C. § 3161(h)(8), "permits a district court to grant a continuance and to exclude the resulting delay if the court, after considering certain factions, makes on-the-record findings that the ends of justice served by granting the continuance outweigh the public's and defendant's interests in a speedy trial." *Zedner*, 547 U.S. at 498–99, 126 S.Ct. 1976. To be sure, the discretion granted the district court is to be exercised "within limits and subject to specific procedures." *Id.* at 499, 126 S.Ct. 1976. *See also United States v. Barnes*, 251 F.3d 251, 256 (1st Cir.2001) ("A trial court's discretion to authorize an 'ends of justice' continuance is relatively circumscribed, and continuances should not be granted cavalierly.") (citation omitted). Moreover, the delays are to be limited "for case specific-needs." *Zedner*, 547 U.S. at 499, 126 S.Ct. 1976. That is the situation here; the reasons offered for the exclusion fall within the statute's parameters.

### III. CONCLUSION

For the foregoing reasons, the Motion for An Order of Excludable Delay from December 17, 2008 to January 12, 2009, is granted as serving the interests of justice. An order of excludable delay shall issue accordingly.[2]

IT IS SO ORDERED.

---

2. The court recognizes that the same span of time would be excluded in any event because of the pendency of the instant motion, filed the same day Defendant Marquez indicated

her resistance to joining in the requested exclusion. Nonetheless, the court finds it appropriate to provide the guidance set forth in this memorandum and order.